■ KEVIN ANTON et al., Appellants, v STATE OF NEW YORK, Respondent. — In a proceeding for permission to file a late claim against the State of New York, the appeal is from an order of the Court of Claims, dated April 21, 1983, which denied the application. ¶ Order affirmed, without costs or disbursements, for reasons stated in the memorandum opinion of Judge Rossetti. Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.

■ JOSEPH BIONDO, Appellant, v CHURCH OF THE IMMACULATE CONCEPTION et al., Respondents. — In an action for a permanent injunction, plaintiff appeals from an order of the Supreme Court, Orange County (Isseks, J.), dated January 10, 1983, which denied his motion for leave to renew his motion for a preliminary injunction and for summary judgment, and granted defendants' cross motion for summary judgment dismissing the complaint. ¶ Order affirmed, with costs. ¶ Defendants are entitled to summary judgment. Defendant Church of the Immaculate Conception concededly owns the cemetery property in which plaintiff's wife is buried. As owner of that property, this defendant also owns the trees standing thereon (*Goodyear v Vosburgh,* 57 Barb 243). The most that was conveyed to the plaintiff was an easement. The words of the grant "deed" limit the easement to the privilege of burial only. These words are to be given effect (17 NY Jur, Easements and Licenses, § 32). The regulations expand the scope of the easement to permit the erection of suitable monuments, but do not permit the planting of trees. ¶ While ordinary property law concepts may not apply to cemeteries, given their unique nature, they should not be disregarded. Although it has been held that a cemetery may not enact arbitrary regulations which infringe on the important right to adorn the grave site of one's deceased (*Orlowski v St. Stanislaus R. C. Church Soc.,* 161 Misc 480), this right of adornment does not include the right to plant trees, and, moreover, as appears in this record, the prohibition of trees has a rational basis and cannot be said to be arbitrary. ¶ As to allegations of arbitrary enforcement, no authority is cited as holding that religious corporations must enforce reasonable regulations uniformly. Said corporations are exempted from the scope of article 15 of the Not-For-Profit Corporation Law, reflecting a legislative intent to remove them from the scrutiny of State authorities (Not-For-Profit Corporation Law, § 1503). Since plaintiff has no right to plant a tree on his wife's grave, the fact that other plot owners may have been allowed to do so does not, by itself, give rise to a cause of action. Nevertheless, we note parenthetically that defendants informed Special Term that they have agreed to allow the shrubs that were planted to remain. ¶ We have reviewed the remaining contentions of the plaintiff, and find them to be meritless. Having established that plaintiff has no right to make any "plantings" on the property, as a matter of law, we need not reach the issue as to whether the death of the subject trees renders injunctive relief moot. Since the amended complaint alleges no acts or omissions on the part of St. Mary's Cemetery Association independent of defendant Church of the Immaculate Conception, and alleges only that the association "leases * * * or has some other interest in" the cemetery, that defendant is entitled to summary judgment as well, for the reasons outlined above. Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.